UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN A. DENTON                                                                                          PLAINTIFF

VERSUS                                                               CIVIL ACTION NO. 1:06CV729-RHW

OCEAN MARINE GROUP, INC.                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ocean Marine Group's (OMG) [5] Motion to Dismiss for failure to state a claim and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1)&(6).  Plaintiff filed this lawsuit against OMG alleging breach of duty under bailment, negligence, breach of contract and express or implied warranties, and breach of warranty of workmanlike performance.  The suit was filed pursuant to the Court's admiralty and maritime jurisdiction, 28 U.S.C. § 1233.

The facts as alleged in the Plaintiff's complaint are as follows:  On or about July 23, 2005, Plaintiff purchased from OMG a new Regal 2680 cabin cruiser, engines, and a trailer.  As part of the sales contract, OMG promised to repair any defects and provided an express or implied warranty that the vessel was fit for its intended use.  Shortly after purchase, the vessel began to show cracks in the hull and other defects which required repairs.  Plaintiff returned the vessel to OMG's Ocean Springs facility for repairs.  The vessel was later moved to OMG's Gulfport facility, from where it was stolen.

Defendant seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. The burden of establishing jurisdiction rests with the party who seeks to invoke it.  Therefore, in this case, it is Plaintiff's burden to establish that he has met the jurisdictional requirements of 28

U.S.C. § 1333.  *See Boone v. Citigroup*, 416 F.3d 382, 388 (5th Cir. 2005).  The court may not dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006).

### 1. Tort Claims

In order to invoke admiralty jurisdiction for a tort claim, the Plaintiff must show (1) the alleged wrong producing his injury occurred over navigable waters, and (2) the alleged activity which caused his injury was substantially related to traditional maritime activity.  *King v. President River Boat Casino–Mississippi, Inc.*, 894 F.Supp. 1008 (S.D. Miss. 1995).  It is undisputed that none of the activities alleged in Plaintiff's complaint occurred over navigable waters.  In his response, Plaintiff does not argue that the locality prong has been satisfied.  Thus, Plaintiff's tort claims do not bring this case under the Court's admiralty jurisdiction.

### 2. Contract and Warranty Claims

Plaintiff also has alleged breach of contract and breach of warranty regarding defects and repairs to his vessel.  This Court does have jurisdiction over maritime contracts.  *J.A.R. , Inc. v. M/V Lady Lucille*, 963 F.2d 96, 98 (5th Cir. 1992).  To support admiralty jurisdiction in a suit for breach of contract, the subject matter of the underlying contract "must be wholly maritime."  *Lucky-Goldstar, Int'l, Inc. v. Phibro Energy Int'l, Ltd.*, 958 F.2d 58, 59 (5th Cir. 1992).  It is well-settled precedent that a contract for the sale of a vessel, such as is presented by Plaintiff's complaint, is not a maritime contract.  *Richard Bertram & Co. v. Yacht Wanda*, 447 F.2d 966, 967 (5th Cir. 1971).  Hence, Plaintiff's claims that relate to breach of the sales contract do not lie

in admiralty.

Plaintiff also asserts that Defendant breached a separate and distinct oral contract for the repair of defects in the vessel.  To this end, Defendant filed a sur-reply with an attached affidavit from Julie Denton, Plaintiff's wife, in which she stated that the repairs to the vessel were pursuant to an oral contract.  A claim for breach of contract for the repair of a vessel does implicate the Court's admiralty jurisdiction.  *See New Bedford Dry Dock Co. v. Purdy*, 258 U.S. 96, 99 (1922); *Boson Marine 6, LTD v. Crown Point Industries, Inc.*, 854 F.2d 46, 48 (5th Cir. 1988) (citing *Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 412 (5th Cir. 1982)); *Axa Re Property and Casualty Ins. Co. v. Tailwalker Marine Inc.*, 2005 A.M.C. 749, 2004 WL 3680276 (D. S.C. 2004).  Nevertheless, the Court concludes that Plaintiff's assertion of jurisdiction pursuant to a repair contract fails because the obligation to repair was simply a warranty contained within the sales contract.

The obligation to repair the vessel flows directly from the sales contract and the warranty provided by OMG to Plaintiff.  The contractual provisions for repair of the vessel are nothing more than a warranty that OMG would repair any defects with the vessel or equipment sold to Plaintiff.  As has been held by the Fifth Circuit, a mere claim for breach of warranty is not within the Court's admiralty jurisdiction.  *See Boson Marine 6*, 854 F.2d at 48.

A close examination of the allegations in Plaintiff's complaint demonstrates that the repairs fall squarely within the terms of the sales contract.  Plaintiff alleges that "[u]nder the terms and conditions governing this sale, OMG also expressly and/or impliedly warranted that the goods were fit for their intended use, and further *promised to timely repair* and/or replace any defective parts."  Plaintiff's Cplt. ¶ 6 (emphasis added).  Later in the complaint, Plaintiff

reiterates that "*as part of the sale* of the vessel to Plaintiff" OMG "guaranteed that the vessel was fit for her intended use." *Id.* at ¶ 31 (emphasis added). And furthermore that "*[p]ursuant to the contract of sale*, OMG also guaranteed that any *repairs* would be performed in a timely and reasonable manner." ¶ 33 (emphasis added). Thus, Julie Denton's affidavit notwithstanding, Plaintiff alleges in his own complaint that the repairs for defects, such as those alleged to have occurred, were to be performed pursuant to the sales contract.

Even if the Court were to consider the repair element of the contract to be a maritime element in an otherwise non-maritime contract, Plaintiff still has failed to invoke this Court's admiralty jurisdiction. The mere inclusion of maritime obligations in a mixed contract does not, without more, bring non-maritime obligations within the pale of admiralty law. *Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223, 1231 (5th Cir. 1985). A contract consisting of maritime and non-maritime elements will serve as the basis of maritime jurisdiction under two circumstances. *Lucky Goldstar Int'l*, 958 F.2d at 59. First, if the character of the contract is primarily maritime and the non-maritime elements of the contract are incidental, the incidental non-maritime aspects of the contract will not defeat admiralty jurisdiction. *Id.* Second, if a contract's maritime obligations are separable from its non-maritime aspects and can be tried separately without prejudice to the other, admiralty jurisdiction will support trial of the maritime obligations. *Id.* at 60.

In this case, the character of the contract is not primarily maritime. Rather it is a contract for the sale of a vessel, which under controlling precedent is non-maritime. The repair of the vessel is incidental to the sales contract. It is part and parcel of the warranty under the sales contract. Furthermore, the repair/warranty aspect of the contract is intertwined with the sales

contract and therefore cannot be separated and tried separately without prejudice to the non-maritime aspect of the contract.

### 3. Bailment Claims

Plainitff also asserts a claim for Defendant's breach of its obligation as bailee. Bailment is defined as:

> A delivery of goods or personal property, by one person to another, in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose of the trust.

*T.N.T. Marine Service Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 588 (5th Cir. 1983) (citing Black's Law Dictionary 129 (5th ed. 1979)). In sum, an action for bailment occurs when the bailor delivers an object to the bailee, and the bailee acts negligently and re-delivers the object to the bailor in a lesser condition. *See Dow Chemical Co. v. Texaco Refining & Marketing, Inc.*, 887 F.Supp. 853, 866 (E.D. Va. 1995). In this case, the bailee (OMG) failed to return the object (the vessel) because OMG's alleged negligence caused the vessel to be stolen from OMG's custody.

Under certain circumstances, a bailment will implicate admiralty jurisdiction. *See e.g. Baker Oil Tools, Inc. v. Delta Steamship Lines, Inc.*, 562 F.2d 938 (5th Cir. 1977) (involving pre-loading bailment for goods stored at dockside warehouse); *Buntin v. Fletchas*, 257 F.2d 512 (1958) (applying law of bailment to a houseboat destroyed by hurricane while secured at repair facility); *Standard Fire Ins. Co. v. Thompson*, 245 F.Supp.2d 242 (D. Me. 2003). In at least one scenario, the Fifth Circuit has applied the law of bailment in a suit for damages to a vessel that

was left with the bailee for the purpose of repairs. *See Buntin*, 257 F.2d at 513 (1958). In that case, the bailee did not return the vessel to its owner because a hurricane destroyed the boat while in the bailee's custody.

     A bailment action is a tort action involving the negligence of the bailee; therefore, Plaintiff still must satisfy the locality test in order to fall under the Court's admiralty jurisdiction. *See Solano v. Beilby*, 761 F.2d 1369, 1372 (9th Cir. 1985); *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 808 (2d Cir. 1971). As explained above, Plaintiff does not allege that any of the facts giving rise to his claims occurred over navigable waters. In the cases out of the Fifth Circuit cited by Plaintiff, including *Buntin*, the underlying tort occurred over navigable waters. *See T.N.T. Marine Serv.*, 702 F.2d at 586 (vessel sank while awaiting repairs in dry dock); *Buntin*, 257 F.2d at 513 (houseboat destroyed by hurricane while tied to dock). Hence, the locality test was satisfied and admiralty jurisdiction was not at issue.

     Plaintiff relies heavily on *AXA re*, a district court case out of South Carolina, in which the court held that a bailment was created pursuant to an oral contract for repairs to a vessel. In that case, someone stole the vessel's engines while the vessel was stored on the defendant/bailee's premises. The court decided the case under admiralty jurisdiction even though the vessel was not over navigable water at the time the engines were stolen. Plaintiff's reliance on this case is misplaced precisely because the bailment arose out of an underlying oral contract to repair the vessel. Because the action was in contract rather than in tort, it did not implicate the locality test. Moreover, as explained above, Plaintiff has failed to demonstrate an admiralty cause of action under the contract at issue. Even if the Court were to construe Plaintiff's bailment action as somehow independent of the locality requirement for maritime torts, the bailment claim in this

case arose out of a written contract for sale and the repair and warranty provisions contained therein. Thus, Plaintiff's bailment claim flows directly from the sales contract, warranty, and repair work–none of which falls under the rubric of maritime jurisdiction.

IT IS THEREFORE ORDERED that Defendant's [5] Motion to Dismiss is GRANTED.

SO ORDERED, this the 28th day of March, 2007.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE